EDWARD F. C. MCLAUGHLIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 97634, 97635.    Promulgated February 4, 1941.

*Howe P. Cochran, Esq.,* and *Edward Orenge, C. P. A.,* for the petitioner.

*Arthur W. Carnduff, Esq.,* for the respondent.

OPINION.

LEECH: These consolidated proceedings are brought to seek redetermination of deficiencies in income tax of $395.75 and $566.06 for the respective calendar years of 1936 and 1937. The common issue is whether losses suffered through the foreclosures of certain properties are allowable only to the extent of $2,000 under section 117 of the Revenue Act of 1936, or in full as ordinary losses. The facts were stipulated and are so found.

Petitioner purchased nine parcels of business property located in Hoboken, New Jersey, more than ten years prior to 1936. He owned them subject to mortgages totaling $72,135.28. The mortgages were foreclosed on November 19, 1936. At the time of foreclosure, petitioner's equity in the properties amounted to $54,224.72.

On June 5, 1927, petitioner bought improved property at 917 Hudson Street, Hoboken, New Jersey, subject to a mortgage of $12,000. In 1933 he converted said property from residential purposes to rental purposes. The fair market value of the property when converted to rental property was $25,500. Petitioner lost the property by foreclosure on June 30, 1937. At that time the property was encumbered by the aforesaid mortgage and by liens for taxes and other items in the amount of $5,871.64. On June 30, 1937, petitioner had sustained depreciation of $2,295 on the property. His basis for the property at the time of foreclosure was therefore $23,205 less encumbrances.

It is stipulated that petitioner took the properties subject to mortgages, in other words, that he was not personally liable on these encumbrances. But whether he was personally liable or not makes no difference, in our judgment, so long as the properties were taken from him by foreclosure. A foreclosure necessarily involves a *sale* of the mortgaged property. See Tiffany on Real Property, section 1522.

The fact that the sale is involuntary does not change its character as such, and any loss thereon is a loss arising from the sale of a capital asset and is limited to $2,000 by section 117 (d) of the Revenue Act of 1936. *Helvering* v. *Hammel*, 311 U. S. 504; *Electro-Chemical Engraving Co.* v. *Commissioner*, 311 U. S. 513. Any intimations to the contrary that may appear in *Commissioner* v. *Freihofer*, 102 Fed. (2d) 787, must be regarded, since the decision of the *Hammel* and *Electro-Chemical Engraving Co.* cases, as no longer the law. Petitioner's reliance on *Commonwealth, Inc.*, 36 B. T. A. 850, is, moreover, erroneous, since in that case it was held there was no sale, but a mere abandonment of title.

We conclude, therefore, that petitioner's loss is limited to $2,000.

*Decision will be entered for the respondent.*